# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:11-CR-101 (1) |
| | § | |
| KELAN MARKEITH SWEAT | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed November 20, 2015, alleging that the Defendant, Kelan Markeith Sweat, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Kelan Markeith Sweat was sentenced on October 15, 2012, before The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas after pleading guilty to the offense of Delivery of a Firearm to a Minor, a Class A Misdemeanor. This offense carried a statutory maximum imprisonment term of one year. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months; however, the statutorily authorized maximum sentence of 12 months was less than the minimum guideline range. Therefore, the statutory authorized maximum imprisonment term was imposed. Kelan Markeith Sweat was subsequently sentenced to 12 months imprisonment followed by a 1 year term of supervised release, subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing; anger management and a $25 mandatory special assessment.

While serving his term of federal imprisonment, Kelan Markeith Sweat was indicted on October 1, 2014, by the Grand Jury for the Eastern District of Texas, Beaumont Division and charged with six counts of Indecent Exposure, Eastern District of Texas Docket No. 1:14CR00096. This criminal activity occurred while he was serving his term of imprisonment on Eastern District of Texas Docket No. 1:11CR00101-001. On December 3, 2014, he appeared before U.S. Magistrate Judge Keith F. Giblin and entered a plea of guilty to Count 5 of the Indictment. On February 20, 2015, U.S. District Judge Marcia Crone sentenced Kelan Markeith Sweat to 6 months imprisonment followed by a 1 year term of supervised release. On March 2, 2015, the judgment for docket number 1:14CR00096 was amended deleting the 1 year term of supervised release.

## II. The Period of Supervision

On December 2, 2014, Kelan Markeith Sweat completed his period of imprisonment and began service of the supervision term for case number 1:11CR00101-001. This case was subsequently reassigned to Chief U.S. District Judge Ron Clark. On November 23, 2015, Chief U.S. District Judge Ron Clark issued a warrant for Mr. Sweat, thereby tolling his term of supervised release.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising five allegations. The petition alleges that Sweat violated the following standard conditions that: 1.) he shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.; 2.) he shall notify the probation officer ten days prior to any change of residence or employment; 3.) he shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed

by a physician; and 4.) shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. The petition also alleged that he violated the special allegation that he shall shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

### IV. Proceedings

On January 15, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the third allegation that he submitted urine specimens on September 19, 2015 and October 20, 2015, both of which tested positive for THC metabolite (marijuana).

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of seven (7) months' imprisonment, with no supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of

the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class A misdemeanor; therefore, the maximum imprisonment sentence is one year.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Kelan Markeith Sweat violated conditions of supervision by possessing or using marijuana on or about September 15, 2015, and October 20, 2015; failing to report as instructed on November 16, 2015; failing to report contact with law enforcement on November 16, 2015; and failing to notify the officer of a change of address, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months. However, the maximum term of imprisonment for this case is 12 months making the guideline imprisonment range 8 to 12 months.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of

imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's third allegation that he violated a standard condition of release that he shall refrain from any unlawful use of a controlled substance by testing positive for THC Metabolite (Marijuana) on October 20, 2015. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision

and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. The guideline imprisonment range is 8 to 14 months. However, the maximum term of imprisonment for this case is 12 months making the guideline imprisonment range 8 to 12 months.

The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of seven (7) months' imprisonment, with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the third allegation in the petition that he violated a mandatory condition of release by failing to refrain from any unlawful use of a controlled substance. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of seven (7) months' imprisonment, with no supervised release to follow.

The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Seagoville, Texas. The undersigned requests the court to recommend this facility to the Bureau of Prisons.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of January, 2016.

_____
Zack Hawthorn
United States Magistrate Judge